### In re HEIJKENSKJOLD.
### Patent Appeal No. 2994.

Court of Customs and Patent Appeals.
May 23, 1932.

Cameron, Kerkam & Sutton, of Washington, D. C. (W. B. Kerkam and R. H. Hudson, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This appeal is from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Examiner rejecting, for lack of invention in view of the prior art, the three claims of an application for patent upon alleged improvements in bathing plants.

Claim 31 is quoted as typical: "A floating bathing plant comprising a swimming tank filled with water and floating in a body of water, said tank having double walls over substantially its entire area to provide buoyancy for the tank and heat insulation for the water therein, a water purifying plant carried by said floating tank, a water heating plant carried by said floating tank, a water circulating system for conducting water from said tank through said purifying plant and heating plant and back to said tank, and circulating means for circulating water through said system, said tank being water-sealed to prevent the entry of outside water therein."

The references cited are: Despoix et al., 194,808, September 4, 1877; Mitchell, 883,-467, March 31, 1908; Paine, 1,088,239, February 24, 1914; Roberts (British), 2,907, of 1871; Perrett (British), 4,249, of 1873.

The disclosure of the application is of a floating plant designed for use as a swimming tank or pool, for which numerous advantages in comfort, sanitation, and economy are claimed.

After describing appellant's structure in detail and discussing the features disclosed in the different references, the brief in behalf of appellant says: "It is frankly admitted that Heijkenskjold is not first to provide a floating swimming tank; that he is not the first to heat the water in a floating swimming tank; that he is not the first to filter the water in a floating swimming tank; and that he is not the first to disclose the desirability of providing heat insulation between the water in the tank and the outside water. It is contended, however, that Heijkenskjold is the first to provide a floating swimming tank which is completely *water-sealed to prevent the entry of outside water into the tank,* and that he is the first to provide a floating swimming tank having spaced double walls over the entire area of the sides and bottom of the tank which double walls (1) provide buoyancy for the tank; (2) make it impossible for the outside water to leak into the tank; (3) provide efficient heat insulation over the entire area of the tank; and (4) provide compartments for housing the elements of the heating and filtering systems. No reference in the prior art of record discloses a floating swimming tank which is water-sealed, and aside from this feature, no one reference in the prior art of record discloses all of the claimed features." (Italics quoted.)

From the foregoing quotation it is to be seen that appellant particularly emphasizes the "water-sealed" feature of his structure. The argument is that usually the water in rivers and streams near cities and towns, where the floating bathing plants at issue would generally be located, is polluted to such an extent as to render it unfit for use in swimming tanks. Appellant in argument states that, therefore, his tank is to be filled with water from other sources; that it is so sealed against leakage as to prevent the entrance into it of any water from the stream in which located, and the water introduced from other sources is kept pure by the filtration system which is a part of his combination.

It may be here said that there is nothing in the claims at issue which gives any indication as to the source of supply of the water to be used in the swimming tank, nor does the specification contain any recital as to this. However, in so far as patentability is concerned, we are unable to see wherein this is of importance. We are unable to perceive any invention in the act of taking water from some source other than that in which the structure floats.

Neither can we perceive invention in so sealing the tank as to prevent undesired water entering it.

There is also a contention on the part of appellant that the references make no disclosure of a floating swimming tank having spaced double walls over the entire area of the sides and bottom of the tank.

This may be conceded, but, at most, the extending of double walls over the *entire* area is a matter of degree, and it would seem to be in the realm of the obvious.

The several respective references disclose all the elements which appellant has combined in his structure, except elements obvious to one skilled in the art. They are pointed out in detail in the respective opinions of the tribunals of the Patent Office, and need not be here repeated.

We discern no error in the decision appealed from, and same is affirmed.

Affirmed.